1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICHOLAS PATRICK,                          No.  2:17-cv-1530-EFB P

12                  Plaintiff,

13        v.                                     ORDER

14   HITCHCOCK, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, seeks leave to proceed in forma pauperis.  ECF No. 2.  For the reasons that follow,

19   plaintiff's application to proceed in forma pauperis is granted but plaintiff's complaint must be

20   dismissed with leave to amend.

21   **I.        Application to Proceed In Forma Pauperis**

22        The court has reviewed plaintiff's application (ECF No. 2) and finds that it makes the

23   showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court

24   directs the agency having custody of plaintiff to collect and forward the appropriate monthly

25   payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

26        The court notes that the question of whether plaintiff is a "three-striker" within the

27   meaning of 28 U.S.C. § 1915(g)  is a close question.  Two of his cases have been dismissed for

28   failure to state a claim.  *See Patrick v. West Justice Center*, 8:16-cv-00827 DMG PLA (C.D. Cal.,

May 5, 2016); *Patrick v. Petroff*, 1:16-cv-00945 AWI MJS, 2017 U.S. Dist. LEXIS 66126 (E.D. Cal., Apr. 30, 2017). A third was dismissed after the court concluded that plaintiff had demonstrated an inability or unwillingness to comply with Federal Rule of Civil Procedure 20(a) by consistently bringing multiple unrelated claims. *Patrick v. Reynaga*, 1:16-cv-00239 LJO MJS (E.D. Cal., May 15, 2017) at ECF No. 46. The court concludes that this dismissal does not count as a "strike" insofar as it was not predicated on either a failure to state a claim or on claims that were frivolous or malicious.

## II. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations

omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**III.  Screening Order**

Plaintiff has brought two separate, unrelated claims, neither of which is sufficiently pleaded.

First, plaintiff alleges his due process rights were violated when he was denied a "fair hearing" for two rules violation reports.  ECF No. 1 at 5.  He does not describe the circumstances of the alleged violations, how any of the named defendants were involved, or whether he lost good-time credits as a result of the guilty findings.  With respect to the alleged due process violations, plaintiff alleges only that he was not afforded an opportunity to question unspecified witnesses face to face.  *Id.*  Prisoners do not have a constitutional right to confront and cross-examine adverse witnesses during prison disciplinary proceedings.  *Ponte v. Real*, 471 U.S. 491, 510 (1985) (Marshall, J., dissenting); *see also Baxter v. Palmigiano*, 425 U.S. 308, 322-23 (1976) ("Mandating confrontation and cross-examination, except where prison officials can justify their denial on one or more grounds that appeals to judges, effectively preempts the area that *Wolff* left to the sound discretion of prison officials.").  Finally, plaintiff vaguely claims that, in connection

/////

3

with this injury, he was discriminated against based on his sexual orientation, race, "abuse of power" and "large penis." ECF No. 1 at 5. He does not offer context for any of these allegations.

Plaintiff's second claim is that he was struck multiple times in the head by an unspecified assailant or assailants. *Id.* at 6. He claims defendants Bassette and Hitchcock refused him medical care after this assault, but he does not adequately explain how their failure to furnish care injured him. *Id.* Plaintiff alleges that he had "pain in [the] neck" and "emotional pain", but these claims are too vague to establish that plaintiff was harmed by defendants' alleged failure to treat. *Id.* Plaintiff also alleges that he "went suicidal" at some point after his transfer from High Desert State Prison, but provides no indication as to whether this injury is connected (and if so, how) to defendants' failure to treat his head injury.

## IV. Leave to Amend

Plaintiff may choose to file an amended complaint which states a cognizable claim. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any complaint must contain only claims which arise out of the same transaction, occurrence, or series of transactions and occurrences. *See* Fed. R. Civ. P. 20(a)(2). As noted above, the two claims in the current complaint do not meet this standard and cannot proceed in the same action.

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

4

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff should also refrain from citing other cases he has filed in this or any other district for the purposes of contextualizing his claims.

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.   Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.

4.   Failure to comply with this order may result in dismissal of this action.

DATED:  May 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE